SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB# 24060371**
Assistant United States Attorney
pamela.paaso@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00310-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ROBERT LEE HOWE,** | |
| **Defendant.** | |

### Introduction

Defendant Robert Lee Howe, a convicted felon, knowingly and unlawfully possessed a rifle. Pursuant to the plea agreement, the government recommends that the Court impose a sentence of 27 months' imprisonment, a three-year term of supervised release, abandonment of the firearm, and a $100 special assessment.

///

///

///

**Government's Sentencing Memorandum**                                                                                      **Page 1**

**Factual Background**

**A.    The Offense Conduct**

On September 12, 2023, defendant stole a Howa, Model 1500 bolt action rifle, from an unlocked truck on the Warm Springs Indian Reservation in the District of Oregon. Several days later, defendant gave that firearm to a convicted felon in Madras, Oregon. The stolen Howa rifle was manufactured in Japan and imported to Nevada, travelling to Oregon in foreign and interstate commerce. Prior to possessing the rifle, defendant was convicted of Assault with a Dangerous Weapon, in the United States District Court of Oregon in case number 3:13-cr-00237-SI and sentenced to 37 months in prison.

**B.    The Charges**

Defendant was charged in a two-count indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and Using a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1).

**C.    The Plea Agreement & Guideline Computations**

On December 19, 2025, defendant entered a guilty plea to Count 1. Pursuant to the plea agreement, the government will move to dismiss Count 2 at sentencing. The government will also, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility, as well as an additional two level adjustment for defendant's early willingness to resolve pursuant to 18 U.S.C. § 3553. The government agrees with the guideline calculations in the Presentence Report.

**Government's Recommended Sentence**

Defendant, having been sentenced to 37 months in prison in 2014, was well aware of his felony conviction.  Further, he obtained the firearm by theft. However, his criminal history is

**Government's Sentencing Memorandum**                                                                 **Page 2**

dated with his last conviction occurring over ten years ago. While on pretrial release, defendant successfully completed a residential treatment program through Volunteers of America and transitioned to outpatient treatment. Defendant has been compliant with pretrial conditions for over six months, suggesting success in the future. On balance, the nature of this offense, defendant's history and pretrial performance warrant a twenty-seven-month prison sentence.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of twenty-seven months, followed by a three-year term of supervised release, subject to the standard and special conditions, and a special assessment in the amount of $100.

Dated: May 20, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Pamela Paaso*
PAMELA PAASO
Assistant United States Attorney